# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| BOCCHICHIO HENEGAR, as Mother and Next Friend of A.H., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:16-cv-00149-TWP-TAB ) |
| NANCY A. BERRYHILL[1], Acting Commissioner of the Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Bocchichio Henegar ("Henegar"), proceeding *pro se,* requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her child's, ("A.H.") application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). For the following reasons, the Court **REMANDS** the decision of the Commissioner for further consideration.

## I. BACKGROUND

### A. Procedural History

On January 28, 2013, Henegar filed an application for SSI on behalf of A.H., alleging a disability onset date of October 7, 2012, due to asthma, speech problems, and developmental delays. The claim was initially denied on July 15, 2013, and again on reconsideration on September 12, 2013. Henegar filed a request for a hearing on October 2, 2013. A hearing was held before Administrative Law Judge Patrick B. Kimberlin III (the "ALJ") on January 30, 2015.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Commissioner Carolyn W. Colvin as the defendant in this suit.

Henegar and A.H. were present and represented by counsel. On February 25, 2015, the ALJ denied the SSI claim. Following this decision, Henegar, by counsel, requested review by the Appeals Council on March 23, 2015. On July 5, 2016, the Appeals Council denied Henegar's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. On August 18, 2016, Henegar filed this action *pro se* seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 1383(c).

**B.      Factual History**

Henegar is A.H.'s biological cousin. A.H. has been in her custody since birth and Henegar legally adopted her in March 2012. A.H. was born on October 7, 2010 and she was two years old when Henegar filed an application for SSI on behalf of a child under age eighteen. The ALJ determined that A.H. had the following severe impairments: mild speech delay, developmental delays and asthma. After considering the evidence of record, the ALJ found that A.H.'s impairments could reasonably be expected to produce the symptoms alleged. However, the ALJ determined that Henegar's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible based on the medical findings submitted for the record. The ALJ determined that A.H. has not been disabled, as defined by the Act, since the application date. Henegar, by counsel, requested review by the Appeals Council decision on March 23, 2015.

## II.      DISCUSSION

In her complaint, Henegar alleges in part that new evidence submitted to the Appeals Council should have been considered along with the claim, showing the need for medication, hospitalization, and "new behaviors", rather than simply reviewing the judge's decision based on the available evidence of record. ([Filing No. 1 at 3-5](#).) Because Henegar proceeds *pro se*, the Court will liberally construe her pleadings. *See, e.g., Alvarado v. Litscher,* 267 F.3d 648, 651 (7th

Cir. 2001). In her brief, Henegar asserts that A.H. "has been in Wellstone Psych Hospital 4 times with stays longer than 2 weeks" and "also was diagnosed as a RAD kid from Wellstone which is Reactive Attachment Disorder- meaning [A.H.] will be in and out of psych hospitals all [their] life." (Filing No. 20 at 1.)

The Commissioner argues that Henegar's reference to evidence supporting the need for hospitalizations is "dubious," pointing out that Henegar was represented at the administrative hearing, did not mention the evidence previously, and has not submitted the evidence now in support of her action for judicial review. (Filing No. 23 at 9-10.)

The issue of whether the Appeals Council properly rejected an appeal is distinct from whether an ALJ's decision is supported by substantial evidence. *Farrell v. Astrue,* 692 F.3d 767, 770-71 (7th Cir. 2012). To review additional evidence, the Appeals Council must determine whether the evidence is new and material:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence *only where it relates to the period on or before the date of the [ALJ] hearing decision*. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the [ALJ] hearing decision. It will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 416.1470(b) (emphasis added). A district court may review *de novo* whether the Appeals Council made an error of law in applying this regulation. *Perkins v. Chater,* 107 F.3d 1290, 1294 (7th Cir. 1997). If an error of law exists, then remand may be appropriate; otherwise, "the Council's decision whether to review is discretionary and unreviewable." *Id*. While this Court cannot use evidence that was not before the ALJ to reevaluate the ALJ's factual findings, remand may still be appropriate if the Appeals Council made an error of law. *Farrell,* 692 F.3d at 770-71. To be added to the administrative record on appeal, evidence must qualify as both new

and material. Evidence is considered new if it is new to the administrative record. *Farrell,* 692 F.3d at 771. New evidence is material if it relates to the period on or before the date of the ALJ hearing and there is a "reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered." *Schmidt v. Barnhart,* 395 F.3d 737, 742 (7th Cir. 2005). Evidence is material only if the evidence "speaks to the [claimant's] condition at or before the time of the administrative hearing." *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008).

The Court has no doubt that the evidence Henegar references exists. The Appeals Council noted that they reviewed evidence submitted along with the request for review including "records from Wellstone Regional Hospital dated March 30, 2015 through April 4, 2015 (14 pages)." ([Filing No. 18-2 at 3](#).) Regarding the evidence, the Appeals Council noted that the ALJ "decided your case through February 25, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 25, 2015." ([Filing No. 18-2 at 3](#).) The Appeals Council further directed Henegar that the new evidence would be kept as part of her electronic file in case she wanted to file a new claim on behalf of A.H. asserting disability after February 28, 2015 (noting that if Henegar filed a new claim with 60 days of their notice that they would use the date of claimant's request for review as the date of claimant's application and giving instructions to get a paper copy of the evidence, file a new claim and appeal their order). ([Filing No. 18-2 at 3](#).)

The record in this action does not contain the entirety of the evidence that was submitted to the Appeals Council because Henegar's "new evidence" is not included. However, Henegar has submitted one page in this action that appears to pertain to the hospitalization at Wellstone

4

beginning March 30, 2015, and references "Reactive Attachment Disorder."[2]  (Filing No. 24 at 58.)

The Commissioner argues that the Court should hold Henegar responsible for the record deficiency.  (Filing No. 23 at 10.)  However, the Court notes that the evidence was at least at one time in the possession of the Commissioner, as noted clearly in the Appeals Council order.  In this instance, it is the duty of the Commissioner to furnish the evidence:

> C. Denial Notice Requirements When the AC Does Not Consider Additional Evidence
>
> If the analyst recommends that the AC deny the request for review and the AC will not consider additional evidence the claimant submitted, the analyst will prepare a denial notice and, as applicable, will:
>
> 1. Fully address the evidence in the Appeals Review Processing System (ARPS) analysis.
>
> • Note the location of the evidence in the record if the evidence is duplicative.
>
> • As applicable, explain in the analysis whether the claimant has shown good cause.
>
> • Explain in the analysis if the evidence is not material, does not relate to the period at issue, or does not show a reasonable probability that it would change the outcome of the decision.
>
> 2. Not exhibit the evidence.
>
> 3. Associate a copy of the evidence in the appropriate section of the file, placing all medical evidence in the F section. *The evidence* must be clearly described in the metadata (e.g., complete the Note, Source, and Date To and From fields) and *will be included in the certified administrative record if the case is appealed to Federal court*.

Consideration of Additional Evidence, HALLEX I-3-5-20 (emphasis added).  However, the Commissioner has failed to follow their own procedures to make the evidence a part of the record.

---

[2] The Court recognizes that this one page was submitted after the Commissioner's response brief.  However, the Appeals Council order referenced above was a part of the record.

Given the Commissioner's failure, the Court will interpret the evidence that is available in the light most favorable to the *pro se* litigant.

The Appeals Council's conclusion that the evidence relates to a later time is unavailing. When asked why Henegar thought claimant was disabled at the hearing, she initially gave two reasons: (1) that A.H. gets short of breath after running, but also (2) that A.H. is "very aggressive towards kids" and "can't even play with other kids." ([Filing No. 18-2 at 41](#).) Indeed, Henegar made similar behavioral claims along with A.H.'s application. ([Filing No. 18-6 at 34](#).) The evidence of record supports Henegar's claims that A.H. "continues to have behavior [sic] concerns which first steps occupational therapy decided was not sensory related. Will be aggressive with other children and has difficulty following directions." ([Filing No. 18-6 at 37](#).) On August 21, 2013, in a referral for multi-disciplinary evaluation, it was noted that "OT was added but OT has since determined that [claimant's] behavior are [sic] not from sensory seeking. First Steps is looking into a psychologist for input on [claimant's] behaviors." ([Filing No. 18-6 at 47](#).) However, at the time of the hearing nearly a year and half later, the record does not show that any psychological assessment was ever completed. In fact, at the time of the decision, there was no evidence of any diagnosed psychological condition to explain A.H's behavior.

The ALJ working with the available evidence of record concluded the following in his February 25, 2015, decision:

> <u>The claimant has less than marked limitation in interacting and relating with others.</u>
> The undersigned has considered the testimony of the claimant's mother, but notes that with the passage of time and emotional maturity the claimant's behavior has improved. The most recent October 2014 school assessment described the claimant in the classroom as sweet and displaying good manners. [Claimant] has good relationships with teachers and wants to be helpful. Verbal exchanges between peers and adults is appropriate when the claimant is in the classroom setting. [Claimant] will initiate and accept initiations from peers to play. However, [claimant] can at times be demanding with peers. [Claimant] will usually conform to limits and routines, but can deviate easily when appropriate. [Claimant] is noted

> to seem to enjoy school, and most maladaptive behavior is noted to occur on the way to the bus (Ex. 12E, pg. 4).

([Filing No. 18-2 at 23](#).)  While the Court notes that the decision is devoid of almost any mention of the behavioral concerns beyond the above quoted portion, it appears that the ALJ considered the conflicting evidence.  However, it is apparent that the ALJ reasoned that the serious behavioral concerns were not as severe as they once were, or supported longitudinally, because A.H. appeared to be on an upward trajectory according to the most recent evidence of record.

The Court is not persuaded by the Commissioner's argument that simply because the hospitalization occurred at a later time than the decision means it does not relate to the period of time covered by the decision.  The evidence appears to support Henegar's claims in her brief that A.H. has been diagnosed with Reactive Attachment Disorder.  The Mayo Clinic provides:

> Reactive attachment disorder is a rare but serious condition in which an infant or young child doesn't establish healthy attachments with parents or caregivers.
>
> […]
>
> Reactive attachment disorder can start in infancy. There's little research on signs and symptoms of reactive attachment disorder beyond early childhood, and it remains uncertain whether it occurs in children older than 5 years.
>
> Signs and symptoms may include:
> • Unexplained withdrawal, fear, sadness or irritability
> • Sad and listless appearance
> • Not seeking comfort or showing no response when comfort is given
> • Failure to smile
> • Watching others closely but not engaging in social interaction
> • Failing to ask for support or assistance
> • Failure to reach out when picked up
> • No interest in playing peekaboo or other interactive games

https://www.mayoclinic.org/diseases-conditions/reactive-attachment-disorder/symptoms-causes/syc-20352939 (last visited Feb. 7, 2018).  In *Farrell*, after the ALJ ruled against Farrell, she sought review at the Appeals Council and included new evidence with her submission, which

confirmed a diagnosis of fibromyalgia. The Appeals council summarily denied her petition. The Seventh Circuit found that the diagnosis of fibromyalgia—just one month after the hearing—filled an evidentiary gap where the record had alluded to the symptoms of the condition, such that the diagnosis was found to be new and material evidence. *Farrell,* 692 F.3d at 771. Here, the evidence of record shows a diagnosis or hospitalization based on A.H.'s serious behavioral concerns within a month following the hearing. However, the record here lacks any evidence of diagnosed psychological condition or even an evaluation. The nature of the possible diagnosis for Reactive Attachment Disorder, as detailed above, is one typically developed in very early childhood, as opposed to in response to some traumatic event. Moreover, evidence of a hospitalization, just one month after the decision, would seriously undermine the ALJ's reasoning that A.H. was improving over time along with her emotional maturity. Accordingly, the Court finds that the proffered evidence is new and material.

The problem before the Court is its inability to conclude what effect the evidence might have on the actual determination during the time period at issue. Accordingly, this case must be remanded to the Commissioner to consider the new evidence along with the existing evidence of record and any subsequent evidence that may be submitted to determine if Henegar has established disability at any point from the application date forward.

### III. CONCLUSION

For the reasons stated above, the final decision of the Commissioner is **REMANDED** for further proceedings consistent with this Entry as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Date: 3/20/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bocchichio Henegar
1316 Roosevelt Avenue, Apt. 8
New Albany, Indiana  47150

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov